UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shan Zhu,<br><br>                              Plaintiffs,<br><br>            - against -<br><br>Amazon.com, Inc.<br><br>                              Defendants. | Case No.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Shan Zhu hereby file this complaint against the Defendant Amazon.com, Inc ("Defendant"), allege and show the Court the following:

## INTRODUCTION

1. In this action, Shan Zhu seeks permanent injunctive relief, Plaintiff's lost profits and damages, and attorneys' fees, for Defendants' acts of defamation and violation of antitrust laws, and unfair competition.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the U.S. Antitrust Laws. This Court has jurisdiction over the claims in this action that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Plaintiff is a resident of the State of New York with his residence located in the city of New Hyde Park, Nassau County.

4. Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business located in Seattle, Washington.

5. This Court has subject matter jurisdiction over these claims as the parties are completely diverse in citizenship and the amount in controversy is over $ 75,000, and therefore, there is diversity jurisdiction under 28 U.S.C. § 1332.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 because Amazon is deemed to reside in the State of New York where this judicial district is located as Amazon maintains a corporate office at 450 W 33rd St, New York, NY 10001.

## PLAINTIFFS

7. Plaintiff Shan Zhu is an attorney duly authorized to practice in the State of New York and this district Court. Plaintiff resides in Nassau County New York.

## DEFENDANTS

8. Upon information and belief, Defendant, Amazon.com, Inc. (thereafter "Amazon") is a foreign corporation incorporated under the General Corporation Law of the State of Delaware.

9. Upon information and belief, Amazon has its principal place at 1200 12th Avenue S, Suite 1200, Seattle WA 65011.

10. Upon information and belief, Amazon also maintains an office at 450 W 33rd St, New York, NY 10001.

## STATEMENT OF FACTS

11. Defendants committed the following alleged acts knowingly, intentionally and willfully.

**Plaintiff's Professional Reputation**

12. Plaintiff is an attorney licensed to practice law by the New York Court of Appeals and is a member of the State Bar of New York. Plaintiff also routinely practices before the United States Patent and Trademark Office (the "USPTO").

13. Plaintiff has practiced law since 2018 and has prosecuted thousands of trademark applications before the USPTO.

14. Plaintiff has established himself as preeminent trademark attorney with a national and international practice having represented numerous clients in the United States from such countries as China, Hongkong, Canada and the United States.

15. Plaintiff has established an impeccable professional reputation. Plaintiff has never been disciplined by the USPTO's Office of Enrollment and Discipline ("OED"). Plaintiff has also never had a disciplinary action commenced against him in any jurisdiction.

16. the United States trademark community is a very small community where attorney members of the community constantly encounter one another both in adversarial proceedings and in conferences and meetings.

17. The international trademark community is also an extremely small community. International attorney and firm groups discuss all matters in different forum group chats and are constantly in contact. Examples of the communication shared within those groups are new rule proposals or when the USPTO issues sanctions on a filer or representatives. Such news spreads through these groups immediately.

18. Plaintiff has worked tirelessly to help establish himself a legitimate United States attorney that international clients can rely on for their USPTO filing needs. As a result, clients frequently seek out Plaintiff's expertise when their current Attorney of Record encounters problems with the USPTO during the trademark application process.

**Amazon Brand Registry**

19. Upon information or believe, the Amazon Brand Registry ("ABR") is an online service that allows accepted applicants to register their intellectual property with Amazon so that the company can employ its unique technology to prevent, detect and remove infringing and counterfeit goods and content. As such, getting registered by ABR is highly sought after by many trademark owners.

20. Admission into ABR is through an application process whereby Amazon investigates the applicant and verifies ownership and registration of certain intellectual property rights, such a trademark, with the USPTO.

21. Upon information or believe, the Brand Registry status will one of the important factors that effects the seller's selling performance. Specifically, whether a seller is enrolled in ABR is one of the important factors to determine the seller's searching ranking on Amazon.com. Normally, a product or a seller has higher search ranking, which directly results in better selling performance.

22. Therefore, almost all the sellers will seek enrollment in the Amazon Brand Registry.

23. As part of the ABR application process, a digital code is sent to the Attorney of Record associated with the applicant's trademark registration at the USPTO. The Attorney of Record is then obligated to give the digital code to the proper owner of the mark. The mark owner then inputs the digital code to finalize the verification process and obtain ABR registration.

24. Plaintiff while representing clients before the USPTO for trademark matters, will assist clients to enroll the ABR by providing the verification codes as courtesy.

**Amazon's Defamatory Conduct**

25. On or around April, 2023, Plaintiff received communication from clients had their ABR enrollment applications rejected after sending them their respective verification codes.

26. When rejecting the requests for enrollment, Amazon stated in its rejection email that "[Amazon] ha[s] concluded that the brand/user is currently ineligible for Brand Registry since the trademark [TM] registration was filed by an attorney who has previously been associated with a TM that was sanctioned/made invalid by the United States Patent and Trademark Office (USPTO) for violating USPTO's Terms and Conditions." The e-mail further states: "In order to move forward, you will need to file a new trademark with an attorney who has not been associated with any abusive/risky conduct in the past."

27. It is undisputed that Amazon's stated the Plaintiff, which is the attorney of record for the related trademarks, is sanctioned by the USTPO.

28. Amazon further advised the applicant to terminate the relationship with the Plaintiff, and engage different counsel which is not sanctioned in order to further proceed the ABR.

29. As set forth above, and undisputed, the Plaintiff was not sanctioned by the USPTO nor other authority.

30. On April 12, the Plaintiff sent correspondence via both mail and fax to Amazon requesting Amazon to stop the unlawful action and presented Amazon with evidence concerning the Plaintiff's good standing.

31. Without receiving any response from Amazon, Plaintiff on or about May 4 discovered that Mr. Brad M. Behar, Esq. used to represent Amazon concerning the improper rejection of the ABR and settled claims from other attorneys. Upon discover, Plaintiff immediately contacted Mr. Behar and attempts to resolve the issue.

32. On or about May 8, after lots of efforts from Plaintiff, Amazon through Mr. Behar finally discussed with Plaintiff. Without further follow up, and for illustration purpose, Plaintiff on May 14, pointed one specific trademark application for Amazon's reference.

33. On or about May 19, upon acknowledgment of Plaintiff's good standing, Amazon sent out another rejection email to my client and refused to communicate further with Plaintiff concerning any other trademarks involves the same issue. Immediately, Plaintiff informed Mr. Behar it is unacceptable. Thereafter, Plaintiff again attempts to keep in contact with Mr. Behar. Such efforts eventually fail.

34. On or about June 22, Amazon finally initiated another contact with the Plaintiff through two other counsels. Plaintiff immediate responded.

35. Due to Amazon's unlawful conduct, until June 22, 2023, about 76 clients already terminated representation with Plaintiff and changed attorney of record for their trademark matters.

36. Until today, Amazon's ABR system is still automatically rejecting enrollment requests from clients of the Plaintiff.

37. Amazon's ABR rejection e-mails that have been disseminated to Plaintiff's clients have result in her inclusion on a list of "Amazon Blacklisted Attorneys" that has harmed his professional reputation and continues to immediately and imminently harm Plaintiff's professional reputation.

38. Not only Plaintiff's clients already terminated the representations, potential clients are deterred by Amazon's untrue statements.

39. Additionally, to clarify the vague nature of the ABR rejection emails and confirm the existence of "Amazon Blacklisted Attorneys", Amazon through its employees published via

6

its officially maintained forums for Amazon sellers available at https://sellercentral.amazon.com/seller-forums.

40. Amazon states if a seller receives a rejection email citing brand abuse, it typically means 1. The seller themselves has engaged in abusive conduct. And/or 2. The trademark/brand is abusive.

41. More specifically, Amazon states if you are a new seller and do not fall under all things listed in 1, the reason for decline could be for reason 2. Further, "for 2. Trademark reason, if sellers are working with an attorney or agent that violates United States Patent and Trademark Office (USPTO) rules and policies, this will prevent you from enrolling in brand registry."

42. Amazon made recommendation to "check whether your attorney is a subject to an order for sanctions from the UPSTO or listed on potentially misleading solicitations. If you're concerned about the validity of your application or the conduct of involved parties, please consult with a new private U.S. attorney to review your application".

43. For one specific client, when contact Amazon, Amazon acknowledges ". . . if your attorney is sanctioned by Amazon, this is not external information and hard for sellers to find." Amazon's employee "do[es] not have visibility into the exact decline reason . . . this is why we recommend our sellers to file with law firms through the IP Accelerator program in case they run into these situation".

44. Amazon further states "[t]here is a sectioned list through USPTO, however, Amazon sanctioned lists will be disclosed and not available to search. Some ways to discover if 2 is the case is sellers receiving the 'engaged in abusive conduct as per our policy' message when their account is new, and they're sure they did not comment any abusive conduct. Typically the attorney will not disclose this information from my experience."

7

45. Some of Plaintiff's clients are new sellers on Amazon, specifically the owner for below applications:

Serial No. 97848642, Serial No. 97821297, Registration No. 6978033, Serial No. 7085599

46. Thus, it is immediately clear that given most of Plaintiff's clients for trademark prosecution intend to enroll in ABR, Amazon has effectively excluded the Plaintiff from practice before the USPTO and ABR.

**Amazon's Monopolization Power and Unlawful Exclusion**

47. Upon information or believe, Amazon operates as a marketplace online retail store and as a online retailer via Amazon.com.

48. Upon information or believe, Amazon's share of the U.S. e-commerce market is greater than 50%.

49. For the trademark prosecution market, more than 50% of the trademark applicant is seeking trademark registrations in order to enroll in ABR.

50. Therefore, Amazon is deemed monopoly due to its market power.

51. In order to maintain its monopolization power, Amazon maintains an Amazon IP accelerator program, which allows selected 11-12 law firms to participate as Amazon IP accelerators.

52. Upon information or believe, Amazon is no longer accepting applications from marketplace service providers, namely law firms, to become one of the participate of Amazon IP accelerator program.

53. In Amazon's ABR rejection emails, Amazon refers customers who was rejected enrollment of ABR to its service provider via Amazon IP accelerator program.

54. Despite the fact that Amazon is aware Plaintiff is not subject to any sanction by the USPTO or other jurisdictions, Amazon's ABR automatically rejects clients' of Plaintiff to enroll into the ABR and refers clients to its Amazon IP accelerator. Such exclusionary conducts are unjustified and unreasonable.

55. Additionally, Amazon utilizes its monopolization power to tie-in sales and force clients to purchase its service offered via Amazon IP accelerator for the purpose to obtain search ranking benefits.

## STATEMENT OF CLAIM
### COUNT 1
### Defamation

56. Plaintiff hereby repeats and realleges each and every allegation contained above.

57. Amazon's ABR rejection email contained the statement "trademark [TM] registration was filed by an attorney who has previously been associated with a TM that was sanctioned/made invalid by the United States Patent and Trademark Office (USPTO) for violating USPTO's Terms and Conditions."

58. Amazon further stated "In order to move forward, you will need to file a new trademark with an attorney who has not been associated with any abusive/risky conduct in the past."

59. Amazon's statements in ABR rejection e-mail were false and defamatory in, at least, the fact that Plaintiff has not engaged in trademark prosecution conduct been involved with that resulted in the mark being sanctioned and/or invalidated by the USPTO for violating its terms and conditions.

60. Amazon's statements in ABR rejection e-mail were false and defamatory in, at least, the fact that Plaintiff has not been involved with any abusive or risky conduct in the past

while prosecuting trademarks before the USPTO.

61. In fact, Plaintiff has never been a disciplinary action commenced against him by either the USPTO or any other jurisdiction.

## COUNT 2

## Defamation Pro se

62. Plaintiff hereby repeats and realleges each and every allegation contained above.

63. Under New York Law, unauthorized practice of law is a criminal offense.

64. Amazon's ABR rejection e-mail is accusing Plaintiff unauthorized practice of law or otherwise engaged in behaviors incompatible with profession conduct.

65. Thus, Amazon's untrue statements constitutes defamation pro se under the New York Law.

## Count 3

## U.S. Antitrust Laws

66. Plaintiff hereby repeats and realleges each and every allegation contained above.

67. Amazon is the monopolist in the online marketplace.

68. Amazon employs a utilizes search ranking to determine the sequent of the goods sold by third party market seller showing on Amazon.com when the customer searching for a particular goods.

69. Sellers' ABR enrollment status is one of the important factors to determine the search ranking of the sellers or products.

70. Amazon unreasonably exclude the Plaintiff's clients to enroll ABR is violating the U.S. Antitrust Laws.

## **Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests that this court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under New York State Laws and Antitrust Laws;

b) An injunction against Amazon.com Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of defamatory actions and policies set forth herein;

c) An injunction against Amazon.com Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful automatic rejections utilizing its Monopolization market power and policies set forth herein;

d) An award of presumed damages for Amazon's defamation *per se*;

e) An award of actual damages and or triple of Plaintiff's damages;

f) An award of future profits;

g) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 15 U.S.C. §4304;

g) The cost and disbursements of this action;

h) An award of prejudgment and post-judgment fees; and

i) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York July 3 ,2023

*/S/ SHAN ZHU*
Shan Zhu, Esq.
3511-B Farrington Street, #335
Flushing, New York 11354
Tel: 347-470-7008
Shan.zhulaw@gmail.com.com
*Plaintiff*